RECEIVED

16 FEB 19 PM 4: 05

CITY OF SEATTLE
MAYOR'S OFFICE

*SERVE ON CITY OF SEATTLE:*
*OFFICE OF MAYOR*
*600 4th Ave, Floor 7*
*Seattle, WA 98104*
*206-684-4000*

## SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

| | |
|---|---|
| ALEKSANDRA MILUTINOVIC, | NO. 15-2-28274-3SEA |
| Plaintiff, | |
| v. | |
| CHRISTOPHER MORITZ,  CITY OF SEATTLE, and EUGENE SCHUBECK, | SUMMONS (20/60 DAYS) |
| Defendants. | |

TO THE DEFENDANTS, CHRISTOPHER MORITZ, CITY OF SEATTLE, and EUGENE

SCHUBECK:

    A lawsuit has been started against you in the above entitled court by ALEKSANDRA

MILUTINOVIC, Plaintiff.  Plaintiff's claim is stated in the written Complaint, a copy of which

is served upon you with this Summons.

    In order to defend against this lawsuit, you must respond to the complaint by stating your

defense in writing, and serve a copy upon the person signing this summons within 20 days after

the service of this summons, excluding the day of service, or a default judgment may be entered

against you without notice.  A default judgment is one where plaintiff is entitled to what she asks

for because you have not responded. If you serve a notice of appearance on the undersigned

person you are entitled to notice before a default judgment may be entered.

SUMMONS (20/60 DAYS) -- 1

Lake Hills Legal Services P.C.
15600 N.E. 8th Street, # B1-358
Bellevue, Washington  98008
Telephone:  (425) 829-5305
E-mail:  rp98007@gmail.com

1    You may demand that the plaintiff file this lawsuit with the court. If you do so, the

2  demand must be in writing and must be served upon the person signing this summons. Within 14

3  days after you serve the demand, the plaintiff must file this lawsuit with the court, or the service

4  on you of this summons and complaint will be void.

5    If you wish to seek the advice of an attorney in this matter, you should do so promptly so

6  that your written response, if any, may be served on time.

7    This summons is issued pursuant to rule 4 of the Superior Court Civil Rules of the State

8  of Washington.

9

10

11  Dated: February 19, 2016         Signed:   /s/ Richard L. Pope, Jr
12                                            RICHARD L. POPE, JR.
                                              WSBA # 21118
13                                            Attorney for Plaintiff

14                                            Lake Hills Legal Services P.C.
                                              15600 N.E. 8th Street, Suite B1-358
15                                            Bellevue, Washington  98008
                                              Tel:  (425) 829-5305
16                                            Fax:  (425) 526-5714
                                              E-Mail:  rp98007@gmail.com

17                                            SERVE A COPY OF YOUR ANSWER
18                                            ON PLAINTIFF'S ATTORNEY:

19                                            RICHARD L. POPE, JR.
                                              Lake Hills Legal Services P.C.
20                                            15600 N.E. 8th Street, Suite B1-358
                                              Bellevue, Washington  98008
21                                            Tel:  (425) 829-5305
                                              Fax:  (425) 526-5714
22                                            E-Mail:  rp98007@gmail.com

23

24

25

26

27

28
     SUMMONS (20/60 DAYS) -- 2

RECEIVED

16 FEB 19 PM 4:06

CITY OF SEATTLE
MAYOR'S OFFICE

**SUPERIOR COURT OF WASHINGTON FOR KING COUNTY**

| | | |
|---|---|---|
| ALEKSANDRA MILUTINOVIC, | ) | NO. 15-2-28274-3SEA |
| Plaintiff, | ) | |
| v. | ) | |
| CHRISTOPHER MORITZ,  CITY OF SEATTLE, and EUGENE SCHUBECK, | ) | AMENDED COMPLAINT FOR DAMAGES |
| Defendants. | ) | |

### Parties

1.     Plaintiff ALEKSANDRA MILUTINOVIC is a resident of King County, Washington.

2.     Defendant CHRISTOPHER MORITZ is a resident of King County, Washington.

3.     Defendant CITY OF SEATTLE is a Washington municipal corporation located in King County, Washington.

4.     Defendant EUGENE SCHUBECK is a Seattle police officer who works in King County, Washington and resides in Skagit County, Washington.

### Jurisdiction and Venue

5.     This court has proper venue and jurisdiction as the Plaintiff and at least one Defendant reside in King County, Washington and some or most of the actions complained of herein occurred in whole or in part in King County, Washington.

AMENDED COMPLAINT FOR DAMAGES -- 1

Lake Hills Legal Services P.C.
15600 N.E. 8th Street, # B1-358
Bellevue, Washington  98008
Telephone:  (425) 829-5305
E-mail:  rp98007@gmail.com

### Basis of Claim

6.     Plaintiff and Defendant Moritz were involved in a domestic relationship from about June 2005 to November 2013.  Moritz moved into Plaintiff's home in June 2005.  The parties started a romantic relationship in August 2005 and got married in August 2008.  The parties had two children together, S.M. born in 2008 and A.M. born in 2010.

7.     The parties separated on November 25, 2013 when Plaintiff changed the locks on her home and Moritz broke into Plaintiff's home, took some things, and moved somewhere else.  The marriage of the parties was dissolved in King County Superior Court in January 2015.

8.     During the course of the parties' domestic relationship, starting in October 2005 and ending in November 2013, Moritz committed numerous and repeated acts of domestic violence against Plaintiff, including assault and battery causing pain, suffering and physical injury (some of which was long lasting and permanent), infliction of fear of imminent physical assault and harm, threats of imminent physical assault and harm, unjustifiable emotional and mental abuse, and unjustifiable injury and destruction of Plaintiff's real and personal property.

9.     In October 2005, the parties got into an argument, and Moritz chased Plaintiff down the hallway, threw Plaintiff on the bed, got on top of Plaintiff, pulled Plaintiff's ring off her finger, and destroyed the ring.  Plaintiff was injured and suffered pain due to the assault.

10.    In November 2005, the parties got into an argument.  Moritz threw a juice bottle at Plaintiff and called Plaintiff crazy.  Moritz then pushed Plaintiff through a bedroom door, causing Plaintiff to fall on the floor.  Moritz then stomped on top of Plaintiff's chest and screamed obscenities at Plaintiff.  Plaintiff was injured and suffered pain due to the assault.

11.    In November 2006, the parties got into an argument.  Moritz damaged and broke a photo collage belonging to Plaintiff.  Moritz then grabbed a necklace from Plaintiff's neck and broke the necklace.  Plaintiff fled her home for the night to avoid further abuse from Moritz.  Plaintiff was injured and suffered pain due to the assault.

12.    Numerous times between November 2006 and February 2010 (as well as before and after these dates), Moritz had hit and otherwise physically assaulted Plaintiff.  In these cases,

**AMENDED COMPLAINT FOR DAMAGES -- 2**

Lake Hills Legal Services P.C.
15600 N.E. 8th Street, # B1-358
Bellevue, Washington  98008
Telephone:  (425) 829-5305
E-mail:  rp98007@gmail.com

1  prior to February 2010, Plaintiff either did not try or was not successful in trying to call the

2  police.  In these cases, Plaintiff had generally told Moritz to stop hitting her, or she would call

3  the police.  Before this date, when Plaintiff had tried to call the police, Moritz would either rip

4  the telephone from Plaintiff's hand or rip the phone cord out of the wall, preventing Plaintiff

5  from calling the police.  Plaintiff was injured and suffered pain due to these assaults.

6       13.   On February 6, 2010, Plaintiff called police for the first time on Moritz to report

7  Moritz's physical abuse.  Moritz hit Plaintiff repeatedly in the face and arms.  Plaintiff crouched

8  down, holding her infant daughter S.M. in her arms, trying to protect S.M. (as well as Plaintiff's

9  head) from the assault.  Plaintiff was injured, including a bruise under her right eye and another

10  on her right arm, and suffered pain due to the assault.

11       14.   In March 2011, the parties were arguing while Plaintiff was packing for a trip to

12  San Diego with the children.  Moritz beat Plaintiff up, threw Plaintiff against the metal closet

13  rods, picked Plaintiff up by her hair, and threw Plaintiff against the metal bed frame, causing

14  Plaintiff to smack the back of her head hard against the frame.  Moritz hit Plaintiff so hard in the

15  head, that Plaintiff felt like her brain was rattling inside her skull.  Plaintiff was rendered

16  partially unconscious due to the assault.  Moritz then had the audacity to call the police and

17  falsely report that Plaintiff had threatened and/or attempted to commit suicide, and was able to

18  manipulate the police into taking Plaintiff to Harborview Medical Center for evaluation and

19  possible mental health commitment.  Plaintiff was not committed by the Harborview Medical

20  Center doctors, and they recognized that Plaintiff had just been the victim of serious domestic

21  violence, and were very worried about Plaintiff's safety and the danger posed by Moritz.

22  Plaintiff was injured and suffered pain due to this assault.

23       15.   On January 7, 2012 (which is Orthodox Christmas, and a day special to Plaintiff

24  not only due to her faith, but also due to finding out she was pregnant with her oldest child S.M.

25  on the same date in 2008), the parties got into an argument, when Plaintiff wanted to celebrate

26  this day.  Moritz started hitting Plaintiff, because Moritz wanted Plaintiff to stop talking and

27  Plaintiff "wouldn't shut up".  Moritz smacked Plaintiff in the face and dragged Plaintiff down

28  **AMENDED COMPLAINT FOR DAMAGES -- 3**

Lake Hills Legal Services P.C.
15600 N.E. 8th Street, # B1-358
Bellevue, Washington  98008
Telephone:  (425) 829-5305
E-mail:  rp98007@gmail.com

the hallway to their bedroom.  Somewhere in the process, Moritz caused Plaintiff's foot to hit the wall, the door jamb, or something else, causing excruciating pain in Plaintiff's toe.  Among other things, Plaintiff's big toe nail was completely ripped off.  Moritz belittled Plaintiff's injury, and said "It's nothing; you chipped your toenail polish".  Plaintiff could not stand up due to her injuries, and Moritz picked Plaintiff up and carried her into the bathroom, and offered to put Neosporin and a band aid on her toe.  Plaintiff wanted to call to the emergency room, and Moritz initially would not take Plaintiff there.  After Plaintiff was unable to reach a friend by telephone, Moritz finally took Plaintiff to the emergency room.  Due to Moritz being there, Plaintiff was afraid to tell the doctors that the injury had resulted from domestic violence.  Plaintiff suffered a permanent injury to her toe nail bed, and well as permanent pain to her foot (possibly due to compensation for the injury by overuse of her foot).  Plaintiff was injured and suffered pain due to this assault.

16.     Moritz repeatedly assaulted Plaintiff during April 2012.  As a result, Plaintiff suffered pain and swelling in her neck, as well as a swollen black eye.  Plaintiff sought medical treatment at an urgent care clinic on April 5, 2012 and April 9, 2012.  The medical staff documented Plaintiff's injuries, which included bruising, red marks on her neck, and a black eye.  Plaintiff had to work remotely, instead of going into the office, for a week to allow the worst of the bruising to heal.  Plaintiff was injured and suffered pain due to these assaults.

17.     In May 2012, Moritz assaulted Plaintiff, bruised Plaintiff, and cracked Plaintiff's ribs.  Plaintiff was injured and suffered pain due to this assault.

18.     On November 20, 2012, Moritz assaulted Plaintiff by pushing and shoving.  Plaintiff was injured and suffered pain due to this assault.

19.     On March 10, 2013, Moritz assaulted Plaintiff, beating up Plaintiff, and causing Plaintiff bruises.  Plaintiff was injured and suffered pain due to this assault.

20.     On July 17, 2013, Moritz assaulted Plaintiff, beating up Plaintiff, and causing Plaintiff a black eye.  Plaintiff was injured and suffered pain due to this assault.

**AMENDED COMPLAINT FOR DAMAGES -- 4**

21.    On November 25, 2013, Moritz broke into Plaintiff's home while she was gone. This was a trespass against Plaintiff's real property, since Plaintiff's home is her own separate property and Moritz had moved out of Plaintiff's home in September 2013. Moritz caused damaged to Plaintiff's home and stole some of Plaintiff's personal property.

22.    There are additional acts of domestic violence, physical assault, emotional and mental abuse, and property destruction during the time period described in Paragraph 6 above.

23.    Defendant Officer Schubeck has been employed by the City of Seattle Police Department for a number of years. The City of Seattle has been aware of Officer Schubeck's history of civil rights violations, and chose to continue his employment as a police officer in spite of this. On May 22, 2009, Officer Schubeck was one of the officers responding to a stand-off involving Nathaniel Caylor, who was allegedly suicidal. Officer Schubeck shot Caylor in the face without justification, causing Caylor very serious injuries. This shooting violated Caylor's Fourth Amendment rights to be free of unreasonable search and seizure, as well as numerous state tort rights, and Caylor's rights under the Fourteenth Amendment, the Americans with Disabilities Act, and the Washington Human Rights Act to be free of discrimination based on disability or alleged disability. On April 30, 2013, the United States District Court for the Western District of Washington at Seattle, No. C11-1217RAJ, ruled that Officer Schubeck was not protected by qualified immunity, and that Caylor's 42 U.S.C. § 1983 claims against Officer Schubeck should go to trial. In June 2015, the City of Seattle agreed to pay $1,975,000 to Caylor to settle this lawsuit, which its City Attorney called a "business decision".

24.    Officer Schubeck was the lead officer responding to Moritz's call for assistance in the early morning hours of November 25, 2013. Moritz alleged that Plaintiff was suicidal and that she had locked him out of his home while he was out of state working. At the time, Plaintiff was afraid of her personal safety because of Moritz and had taken their two children with her, and was staying at a friend's place, after changing the locks on her house.

25.    Officer Schubeck and the other police officers made no effort to call or otherwise contact Plaintiff and it was obvious that Plaintiff's car was not there and no one was home.

**AMENDED COMPLAINT FOR DAMAGES -- 5**

Lake Hills Legal Services P.C.
15600 N.E. 8th Street, # B1-358
Bellevue, Washington 98008
Telephone:  (425) 829-5305
E-mail:  rp98007@gmail.com

26.     Plaintiff's house was her separate property, which she had acquired before her marriage to Moritz. Only Plaintiff's name was on the property title. These facts could have been easily investigated and verified by Officer Schubeck through law enforcement databases, as well as through King County Assessor and Recorder internet databases that work 24 hours per day.

27.     Under long established Washington case law, Moritz was a tenant at will in Plaintiff's house, and she had every legal right to evict him and exclude him without any court order. While Washington case law even allows a property owner to use force in excluding a tenant at will, Plaintiff had done so peaceably by changing the locks in Moritz's absence.

28.     Moritz had no legal right to enter Plaintiff's home without an appropriate court order obtained through notice and due process, and could not legally use self-help to break into Plaintiff's home. Similarly, Officer Schubeck and the other police officers had no legal right to enter Plaintiff's home without an appropriate court order or a search warrant duly obtained based on probable cause, or exigent circumstances showing a clear danger to human life or safety.

29.     Officer Schubeck and the other officers advised and assisted Moritz into breaking into Plaintiff's home in the early morning hours of November 25, 2013. They did not have a court order or search warrant. There were no exigent circumstances showing a clear danger to human life or safety. There was no investigation into whether Moritz had any ownership interest in Plaintiff's home or any other legal right to enter the home without Plaintiff's consent.

30.     Moritz, Officer Schubeck, and the other officers used physical force in breaking open the front door and at least two locked interior doors in Plaintiff's home. This use of physical force caused considerable property damage on the order of several thousand dollars. If Moritz's had any legal right to enter Plaintiff's home without her consent (which he did not), an on-call locksmith could have done so for $100 to $200 without damaging Plaintiff's home physically. This unnecessary and expensive property damage made the trespass, malicious mischief, conversion, and search and seizure even more unreasonable than it could have been

31.     Officer Schubeck and the other officers watched, advised and/or otherwise assisted while Moritz removed tens of thousands of dollars of money, gold, firearms, and other personal

**AMENDED COMPLAINT FOR DAMAGES -- 6**

Lake Hills Legal Services P.C.
15600 N.E. 8th Street, # B1-358
Bellevue, Washington  98008
Telephone:  (425) 829-5305
E-mail:  rp98007@gmail.com

property from Plaintiff's home in the early morning hours. Some of these items were community property of Moritz and Plaintiff, and others were Plaintiff's separate property.

32.    Plaintiff had previously contacted Seattle Police Department herself on or about November 23, 2013, after she spoke to friends and others from her church, after realizing she was the victim of domestic violence from Moritz. The officers responded to this call for assistance from Plaintiff advised her to file for a domestic violence protection order against Moritz, and also that she should go to the Shoreline courthouse of King County District Court to do so. They also advised her to change the locks to her home so that Moritz could not enter.

33.    November 23, 2013 was a Saturday. Plaintiff went to the Shoreline courthouse of King County District Court on Monday, November 25, 2013 to file for the protection order. However, Moritz had already broken into Plaintiff's home early that morning with the help of Officer Schubeck and others. Plaintiff obtained a temporary protection order, which was extended several times until the final hearing. The case was transferred to King County Superior Court, and a full protection order was entered after the final hearing on May 15, 2014.

34.    On October 15, 2015, Plaintiff's attorney Richard L. Pope, Jr. made a public records request to the City of Seattle Police Department on behalf of Plaintiff. (Exhibit 1)  This request included *"copies of all police reports or other incident reports associated with any of the following persons or addresses in any capacity (whether suspects, victims, witnesses, or otherwise involved), for the time period of January 1, 2005 to the present date: (1) Aleksandra Milutinovic (DOB: 07/08/1975), (2) Christopher Moritz (DOB: 04/21/1983), and (3) 753 N. 102nd Street, Seattle, Washington 98133."*

35.    The City of Seattle has refused, delayed and stonewalled on this request, and has failed to provide Plaintiff with any of the requested records. Instead, the City of Seattle has continually put off and delayed in responding to the request, at least four times, and provided increasingly later dates when it will provide the records – without ever providing so much as a single record. On October 22, 2015, the City of Seattle said the records would be provided by December 3, 2015. On December 3, 2015, the City of Seattle said the records would be provided

**AMENDED COMPLAINT FOR DAMAGES -- 7**

Lake Hills Legal Services P.C.
15600 N.E. 8th Street, # B1-358
Bellevue, Washington  98008
Telephone:  (425) 829-5305
E-mail:  rp98007@gmail.com

by January 5, 2016.  On January 5, 2016, the City of Seattle said the records would be provided

by February 13, 2016.  On February 13, 2016, the City of Seattle said the records would be

provided by March 29, 2016. (Exhibit 2)

36.      It has been over four months since the records request was made, and Plaintiff has

not been provided with a single record, but instead four separate and repeated delay and excuse

responses.  It appears obvious that the City of Seattle has unreasonably delayed in responding to

this public records request and has no intention of making any response any time soon.  The City

of Seattle may very well be doing so, because they are aware that the conduct of Officer

Schubeck and the other officers on November 25, 2013 was extremely wrongful, and they wish

for any statutes of limitations to expire before they actually provide any records.  Even this were

not the case, a promised response date of nearly five and a half months after making the request

is not reasonable, especially given that – left to their own devices without any court intervention

– the City of Seattle would likely let March 29, 2016 also come and go and provide no records.

<u>**Causes of Action**</u>

37.      Moritz is liable to Plaintiff for assault and battery.

38.      Moritz is liable to Plaintiff for outrage and intentional and/or negligent infliction

of emotional and mental distress.

39.      Moritz is liable to Plaintiff for trespass to real and personal property.

40.      Moritz is liable to Plaintiff for conversion, malicious mischief, and intentional or

negligent damage to real and personal property.

41.      Moritz is liable to Plaintiff for various torts of domestic violence.  Moritz's actions

of physical assault and battery, threats and infliction of fear of imminent physical harm,

emotional and mental abuse, trespass against real and personal property, and damage to real and

personal property, all constitute domestic violence as defined in Chapter 26.50 RCW, Chapter

10.99 RCW, applicable case law, and the commonly accepted definitions of domestic violence.

42.      Moritz's various torts of domestic violence against Plaintiff constituted a

continuing tort during the parties' domestic relationship.  As such, any causes of action that

**AMENDED COMPLAINT FOR DAMAGES -- 8**

Lake Hills Legal Services P.C.
15600 N.E. 8th Street, # B1-358
Bellevue, Washington  98008
Telephone:  (425) 829-5305
E-mail:  rp98007@gmail.com

1    Plaintiff had against Moritz were tolled, and any applicable statutes of limitation did not

2    commence to run, until the later of the date that the parties' domestic relationship ended or the

3    date of the last tortious act was committed by Moritz.  In addition, Plaintiff did not discover and

4    fully realize that she was the victim of domestic violence until about November 23, 2013, when

5    she discussed her issues with people at her church, then with Seattle Police officers, and then

6    changed the locks on her house in an attempt to prevent Moritz from returning there.

7           43.     Most of the tortious acts by Moritz were committed in the State of Washington,

8    and most of those were committed at Plaintiff's home in Seattle, King County, Washington.

9    Some of Moritz's tortious acts were committed outside the State of Washington.  Since the

10   parties were both residents of the State of Washington during the entire course of their domestic

11   relationship, and since the parties last lived together in a marital or domestic relationship in the

12   State of Washington, Washington courts have jurisdiction over all of the tortious acts committed

13   by Moritz against Plaintiff, and Washington law governs all aspects of this proceeding.

14          44.     RCW 42.56.550 provides for judicial review by the superior court of agency

15   actions and decisions concerning public records requests pursuant to Chapter 42.56 RCW.

16          45.     Under RCW 42.56.550(1), the superior court may order a public agency to

17   produce records which have been withheld, denied or otherwise not produced in response to a

18   public records request.  The court should order the City of Seattle to be provide all records which

19   were requested in the October 15, 2015 public records request.

20          46.     Under RCW 42.56.550(4), the superior court may award damages of up to $100.00

21   per day for each public record not timely produced.  The court should order the City of Seattle to

22   pay these damages, specifically including damages of $100.00 per day each police report, CAD

23   dispatch log, or other public record not produced. These damages should start on the date which

24   the court determines to have been reasonable for the City of Seattle to have produced these

25   documents, which should not be later than the December 3, 2015 date which the City of Seattle

26   first said on October 22, 2015 that the records would be produced by.  Depending on the facts

27   involved, Plaintiff would request an even earlier reasonable date for damages to start with.

28   **AMENDED COMPLAINT FOR DAMAGES -- 9**

Lake Hills Legal Services P.C.
15600 N.E. 8th Street, # B1-358
Bellevue, Washington  98008
Telephone:  (425) 829-5305
E-mail:  rp98007@gmail.com

47.     The actions of Officer Schubeck and the other responding police officers on November 25, 2013 constituted an unreasonable search and seizure in violation of the Fourth Amendment, as well as depriving Plaintiff of liberty and property without due process of law in violation of the Fourteenth Amendment, and discrimination against Plaintiff on the basis of alleged mental illness or other alleged disability in violation of the Fourteenth Amendment and the Americans with Disabilities Act.  Since Officer Schubeck and the other responding police officers acted under color of state law in violating Plaintiff's federally protected rights, they are liable to Plaintiff for damages under 42 U.S.C. § 1983.

48.     The City of Seattle is liable to Plaintiff for damages under the Americans with Disabilities Act.  The actions of Officer Schubeck and the other responding police officers on November 25, 2013 were discrimination against Plaintiff on the basis of alleged mental illness or other alleged disability in violation of the Americans with Disabilities Act.  In addition to prohibiting actual discrimination, the ADA required reasonable accommodation for any alleged disability.  This discrimination under the ADA was intentional and willful.

49.     The City of Seattle, Officer Schubeck and the other responding officers are also liable to Plaintiff for the state law torts of discrimination under Chapter 49.60 RCW, negligence, negligent supervision and training, outrage and intentional and/or negligent infliction of emotional and mental distress, trespass to real and personal property, conversion, malicious mischief, and intentional or negligent damage to real and personal property.  However, pursuing state tort claims requires the filing of an administrative tort claim under Chapter 4.96.  Plaintiff will soon file such a tort claim, wait 60 days, and pursue these claims in a subsequent lawsuit.

50.     Plaintiff is not aware of the identity of the other Seattle police officers who responded with Officer Schubeck on November 25, 2013, especially since the City of Seattle has to date refused to respond to the October 15, 2013 public records request.  After appropriate discovery and/or compelled compliance with the public records request, Plaintiff would reserve the right to add the federal law claims against the other officers to this lawsuit or a subsequent lawsuit, as well as include the other officers in the subsequent state tort lawsuit that is required.

**AMENDED COMPLAINT FOR DAMAGES -- 10**

Lake Hills Legal Services P.C.
15600 N.E. 8th Street, # B1-358
Bellevue, Washington  98008
Telephone:  (425) 829-5305
E-mail:  rp98007@gmail.com

**Prayer for Relief**

Wherefore Plaintiff prays for judgment against the Defendants as follows:

1.    Actual damages in such sum as may be determined by trial or other proceedings.

2.    Punitive damages in such sum as may be determined by trial or other proceedings.

3.    Court order requiring City of Seattle produce any requested public records related to the October 15, 2015 public records request,

4.    Damages of $100.00 per day under RCW 42.56.550(4) for each public record not timely produced, starting on December 3, 2015 or such earlier date the Court determines that the City of Seattle should have complied with the October 15, 2015 public records request

5.    Reasonable attorney fees and costs of litigation under RCW 42.56.550(4), 42 U.S.C. § 1983 and 1988, the Americans with Disabilities Act, and other applicable law.

6.    All taxable costs of this action.

7.    All other general and equitable relief that may be just or appropriate.

Respectfully submitted this 19th day of February 2016.


/s/ *Richard L. Pope, Jr.*
RICHARD L. POPE, JR.
WSBA # 21118
Attorney for Plaintiff

Lake Hills Legal Services P.C.
15600 N.E. 8th Street, Suite B1-358
Bellevue, Washington  98008
Tel:  (425) 829-5305
Fax:  (425) 526-5714
E-Mail:  rp98007@gmail.com

AMENDED COMPLAINT FOR DAMAGES -- 11

# EXHIBIT 1



Richard Pope <rp98007@gmail.com>

# Public Records Request, Aleksandra Milutinovic, Christopher Moritz, 753 N. 102nd St

Richard Pope <rp98007@gmail.com>                                 Thu, Oct 15, 2015 at 10:20 AM
To: "SPD-PDR, SPD" <spdpdr@seattle.gov>
Cc: Richard Pope <rp98007@gmail.com>

I would like copies of all police reports or other incident reports associated with any of the following persons or
addresses in any capacity (whether suspects, victims, witnesses, or otherwise involved), for the time period of
January 1, 2005 to the present date:  (1) Aleksandra Milutinovic (DOB: 07/08/1975), (2) Christopher Moritz (DOB:
04/21/1983), and (3) 753 N. 102nd Street, Seattle, Washington 98133.

I would like everything associated with any such incidents, including the incident report, 911 call and other
recordings, CAD log or other dispatch log, any audio/video or follow-up (including any audio or video recorded by
police car/officer cameras), any witness statements, any photographs, and any associated case documents.  Be
sure to include incidents that might have had only a CAD log, even if there was not a full blown police report.  I am
making this request pursuant to the Public Records Act.  I would prefer everything in electronic format if possible.

Very truly yours,

Richard L. Pope, Jr.
Lake Hills Legal Services PC
15600 N.E. 8th Street, Suite B1-358
Bellevue, Washington  98008
(425) 829-5305

# EXHIBIT 2

2/19/2016                    Gmail - Public Records Request, Aleksandra Milutinovic, Christopher Moritz, 753 N. 102nd St



Richard Pope <rp98007@gmail.com>

## Public Records Request, Aleksandra Milutinovic, Christopher Moritz, 753 N. 102nd St

SPD-PDR, SPD <spdpdr@seattle.gov>                        Tue, Jan 5, 2016 at 8:45 AM
To: "Rp98007@gmail.com" <Rp98007@gmail.com>

January 5, 2016

Richard Pope

Rp98007@gmail.com

RE:  Public Disclosure Request # P2015-6124

Dear Mr. Pope,

The purpose of this letter is to provide you with a status update regarding your request dated October 15, 2015 and received by the Seattle Police Department's Public Disclosure Unit on October 15, 2015 for all documents involving Aleksandra Milutinovic, Christopher Moritz, and 753 N. 102nd St. Seattle WA.

The purpose of this email is to provide a status update regarding your request.  The Department needs additional time to respond to your request due to we are currently reviewing your request at this time; the Department anticipates having a response/installment to you on or about February 16, 2016.

If you have any questions or need further assistance with this request, please contact the Public Disclosure Desk at 206-684-5481.

Sincerely,

Donna Columbo

Administrative Specialist II

Public Disclosure Unit

From: Crisanto, Josielyn On Behalf Of SPD-PDR, SPD
Sent: Thursday, December 03, 2015 10:38 AM
To: 'Richard Pope'
Subject: RE: Public Records Request, Aleksandra Milutinovic, Christopher Moritz, 753 N. 102nd St

RE: Public Disclosure Request # P2015-6124

Dear Mr. Pope Jr,

The purpose of this letter is to provide you with a status update regarding your request dated October 15, 2015 and received by the Seattle Police Department's Public Disclosure Unit on October 15, 2015 for all documents involving Aleksandra Milutinovic, Christopher Moritz, and 753 N. 102nd St. Seattle, WA.

The purpose of this email is to provide a status update regarding your request. The Department needs additional time to respond to your request due to we are waiting for the responsive records from other unit at this time, the Department anticipates having a response/installment to you on or about January 5, 2015.

If you have any questions or need further assistance with this request, please contact the Public Disclosure Desk at 206-684-5481.

Sincerely,

Josielyn Crisanto

Administrative Specialist II

Public Disclosure Unit

From: Crisanto, Josielyn On Behalf Of SPD-PDR, SPD
Sent: Thursday, October 22, 2015 11:33 AM
To: 'Richard Pope'
Subject: RE: Public Records Request, Aleksandra Milutinovic, Christopher Moritz, 753 N. 102nd St

October 22, 2015

RE: Public Disclosure Request # P2015-6124

Dear Mr. Pope Jr. ,

This letter is in response to your public disclosure request dated October 15, 2015 and received by the Seattle Police Department's Public Disclosure Unit on October 15, 2015 for all documents involving Aleksandra Milutinovic, Christopher Moritz, and 753 N. 102nd St. Seattle, WA.

Pursuant to RCW 42.56.520, this is notification that we have received your public disclosure request, and we anticipate it may take up to 6 weeks from the date of this notification to respond. Therefore we anticipate a response to you on or about December 3, 2015.

This additional time is used to research this request, collect responsive records, and/or prepare records for dissemination. Please note: Seattle Police Department currently receives approximately 4,000 public disclosure requests annually.

If you have any questions or need further assistance with this request, please contact the Public Disclosure Desk at 206-684-5481.

Sincerely,

Josielyn Crisanto

Admin Specialist II

Public Disclosure Unit

From: Richard Pope [mailto:rp98007@gmail.com]
Sent: Thursday, October 15, 2015 10:20 AM
To: SPD-PDR, SPD
Cc: Richard Pope
Subject: Public Records Request, Aleksandra Milutinovic, Christopher Moritz, 753 N. 102nd St

I would like copies of all police reports or other incident reports associated with any of the following persons or addresses in any capacity (whether suspects, victims, witnesses, or otherwise involved), for the time period of January 1, 2005 to the present date:  (1) Aleksandra Milutinovic (DOB: 07/08/1975), (2) Christopher Moritz (DOB: 04/21/1983), and (3) 753 N. 102nd Street, Seattle, Washington 98133.

I would like everything associated with any such incidents, including the incident report, 911 call and other recordings, CAD log or other dispatch log, any audio/video or follow-up (including any audio or video recorded by police car/officer cameras), any witness statements, any photographs, and any associated case documents.  Be sure to include incidents that might have had only a CAD log, even if there was not a full blown police report.  I am making this request pursuant to the Public Records Act.  I would prefer everything in electronic format if possible.

Very truly yours,

Richard L. Pope, Jr.
Lake Hills Legal Services PC
15600 N.E. 8th Street, Suite B1-358
Bellevue, Washington  98008
(425) 829-5305

2/19/2016                                          Gmail - Public disclosure request



Richard Pope <rp98007@gmail.com>

## Public disclosure request

SPD-PDR, SPD <spdpdr@seattle.gov>                          Tue, Feb 16, 2016 at 7:28 AM
To: "Rp98007@gmail.com" <Rp98007@gmail.com>

February 16, 2016

RE:  Public Disclosure Request # P2015-6124

Dear Mr. Pope,

The purpose of this letter is to provide you with a status update regarding your request dated
October 15, 2015 and received by the Seattle Police Department's Public Disclosure Unit on
October 15, 2015 for all documents involving Aleksandra Milutinovic, Christopher Moritz, and 753
N. 102nd St. Seattle, WA

The purpose of this email is to provide a status update regarding your request.  The Department
needs additional time to respond to your request due to we are currently waiting for responsive
documents for your request at this time; the Department anticipates having a
response/installment to you on or about March 29, 2016.

If you have any questions or need further assistance with this request, please contact the Public
Disclosure Desk at 206-684-5481.

Sincerely,

Donna Columbo

Gmail - Public disclosure request

Administrative Specialist II

Public Disclosure Unit