UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALEKSANDRA MILUTINOVIC,

    Plaintiff,

v.

CHRISTOPHER MORITZ, CITY OF SEATTLE, and EUGENE SCHUBECK,

    Defendants.

C16-365 TSZ

ORDER

THIS MATTER comes before the Court on a motion for summary judgment, docket no. 53, brought by defendants City of Seattle and Eugene Schubeck, an officer with the Seattle Police Department ("SPD"). The motion was filed on July 20, 2017, and was originally noted for August 11, 2017. Because of plaintiff's counsel's family health issues, the motion was renoted to August 25, 2017. Minute Order (docket no. 65). At plaintiff's request, the motion was again renoted to September 29, 2017. Minute Order (docket no. 73). Plaintiff was advised that no further extension would be granted and that, if no response was timely filed, the Court would consider the pending motion for summary judgment on the basis of the papers filed in support thereof and the other materials in the record. *Id.* On the deadline for any response, plaintiff filed yet another

ORDER - 1

request to continue the motion, indicating that plaintiff's counsel had been ill over the past two days, which were on a weekend, and that plaintiff's counsel anticipated completing a response to the motion for summary judgment by October 2, 2017. See Pla.'s Resp. (docket no. 74). Such extension request was not properly made by way of motion noted for the second Friday after filing, see Local Civil Rule 7(d)(2), or via a stipulation and proposed order after consultation with opposing counsel, see Local Civil Rule 7(j). Moreover, October 2, 2017, has long since passed, and plaintiff's counsel has still not filed a substantive response to the pending dispositive motion. The Court concludes that plaintiff's request for a continuance is not premised on any actual emergency, but rather is aimed at improperly delaying these proceedings. No extension will be granted, and the Court considers the pending motion for summary judgment ripe for review.

**Background**

Plaintiff Aleksandra Milutinovic commenced this action in King County Superior Court against her ex-husband Christopher Moritz, the City of Seattle, and Officer Schubeck. In March 2016, the City of Seattle and Officer Schubeck removed the case to this district. Notice of Removal (docket no. 1). In August 2016, the domestic violence and similar claims alleged by plaintiff against Moritz were severed and remanded to state court. Minute Order (docket no. 25). Plaintiff's claims against Moritz for trespass to real and personal property, conversion, malicious mischief, and intentional or negligent damage to real and personal property, however, remain before this Court. Id.

In May 2017, on plaintiff's motion, the Court dismissed with prejudice plaintiff's claim against the City of Seattle for violation of the Americans with Disabilities Act and her claim against Officer Schubeck for discrimination on the basis of mental illness or other disability. Minute Order (docket no. 51). The claims still pending against the City of Seattle and/or Officer Schubeck are for (i) unreasonable search and seizure in violation of the Fourth Amendment; (ii) deprivation of liberty and property without due process of law in violation of the Fourteenth Amendment; and (iii) violation of Washington's Public Records Act ("PRA"), specifically RCW 42.56.550(1)&(4). *See* Am. Compl. at ¶¶ 44-47 (docket no. 1-2). The City of Seattle and Officer Schubeck move for summary judgment and dismissal of these claims.

Plaintiff's search-and-seizure and due-process claims relate to a "civil standby" conducted by Officer Schubeck on November 25, 2013. While on routine patrol, Officer Schubeck was dispatched to meet Moritz at a gas station on Aurora Avenue, and after a brief discussion, Officer Schubeck agreed to meet Moritz at his and plaintiff's home, located at 753 North 102nd Street. *See* Schubeck Decl. at ¶¶ 5-12 & Ex. A (docket no. 55). Because plaintiff had earlier changed the locks, Moritz was unable to access the house through the doors or garage. *See id.* at ¶ 14; *see also* Resp. to Interrogatory No. 7, Ex. 2 to Sharifi Decl. (docket no. 54-2). Moritz used a large, U-shaped, metal shackle from the front yard to bang against and break through the front door. *See* Schubeck Decl. at ¶ 16. Officer Schubeck did not assist Moritz in gaining entry to the house. *Id.* After Moritz forced open the door, Officer Schubeck conducted a safety sweep and then left the premises. *Id.* at ¶ 17; *see also* Exs. A & B to Schubeck Decl.

1       Plaintiff's PRA claim involves a public disclosure request made by plaintiff's counsel on October 15, 2015, seeking copies of all police or incident reports associated with plaintiff, Moritz, or their residence for the period from January 1, 2005, to the present. <u>See</u> Ex. A to Trudeau Decl. (docket no. 59). SPD acknowledged the request on October 22, 2015, and on three separate occasions, SPD informed plaintiff's counsel that additional time was needed to respond. Trudeau Decl. at ¶¶ 4 & 5 and Exs. B & C. The requested materials were provided in two batches on separate dates, namely February 26, 2016, and March 16, 2016. <u>Id.</u> at ¶¶ 6 & 7 and Exs. D & E.

**Discussion**

**A.**     **Standard for Summary Judgment**

      The Court shall grant summary judgment if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). A fact is material if it might affect the outcome of the suit under the governing law. <u>See</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). To survive a motion for summary judgment, the adverse party must present affirmative evidence, which "is to be believed" and from which all "justifiable inferences" are to be favorably drawn. <u>Id.</u> at 255, 257. When the record, taken as a whole, could not, however, lead a rational trier of fact to find for the non-moving party on matters as to which such party will bear the burden of proof at trial, summary judgment is warranted. <u>See</u> <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986); <u>see also</u> <u>Celotex</u>, 477 U.S. at 322.

## B. Search-and-Seizure and Due-Process Claims

The crux of plaintiff's claim is that she was the sole owner of the house on North 102nd Street, with the right to exclude Moritz, and that Officer Schubeck assisted Moritz in gaining access to the home. <u>See</u> Resp. to Interrogatory No. 7, Ex. 2 to Sharifi Decl. (docket no. 54-2). The undisputed evidence, however, indicates that Officer Schubeck did not participate in Moritz's efforts to force open the front door, that he entered the dwelling only to conduct a safety sweep at the invitation and with the consent of an apparent resident, and that he did not seize or take anything from the home.[1] Indeed, Officer Schubeck explained to plaintiff, when he coincidentally responded to her request for a "civil standby" on December 7, 2013, that he did not "let" Moritz into the residence on November 25, 2013, and that Moritz himself opened the safe in which his firearms were stored and stated that all of his cash and gold was missing. <u>See</u> Schubeck Decl. at ¶ 25 & Ex. B (docket no. 55). When speaking with Officer Schubeck on December 7, 2013, plaintiff agreed that Moritz had a right to be in the house on North 102nd Street on November 25, 2013. <u>Id.</u> at Ex. B (at 08:08:17 a.m.).

The Court concludes, as a matter of law, that plaintiff's claims under 42 U.S.C. § 1983 for violation of her Fourth and/or Fourteenth Amendment rights are entirely

---

[1] <u>See</u> Milutinovic Dep. at 91:21-25 ("Q. You're not claiming that Officer Schubeck took any of your funds or your gold or any of that; is that correct? A. In my reasonable mind I could not fathom making that claim."). Although this portion of the deposition transcript was cited in the pending motion, <u>see</u> Defs.' Mot. at 11 & 12 (docket no. 53), and included in the working papers for the Court, it was not filed in the Case Management and Electronic Case Filing ("CM/ECF") system. Because plaintiff's counsel presumably received a complete copy of the transcript of plaintiff's deposition, the Court finds no prejudice to plaintiff. The attorneys for the City of Seattle and Officer Schubeck shall file the missing page of the deposition transcript at their earliest convenience.

lacking in merit, frivolous, and vexatious. *See* <u>Illinois v. Rodriguez</u>, 497 U.S. 177, 181-88 (1990) (holding that the Fourth Amendment's prohibition on warrantless entry into a person's home does not apply when an occupant reasonably believed to have common authority over the premises provides voluntary consent); <u>Wedges/Ledges of Cal., Inc. v. City of Phoenix</u>, 24 F.3d 56, 62 (9th Cir. 1994) (observing that the threshold for any substantive or procedural due process claim is deprivation of a liberty or property interest protected by the Constitution); <u>see also</u> <u>Albright v. Oliver</u>, 510 U.S. 266, 273 (1994) ("Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims.'" (quoting <u>Graham v. Connor</u>, 490 U.S. 386, 395 (1989))). With regard to plaintiff's § 1983 claims, the pending motion for summary judgment is GRANTED, and such claims are DISMISSED with prejudice.[2]

C. **Public Records Act Claim**

When a citizen requests public records under the PRA, the agency at issue may respond in one of three ways: produce the records, ask for more time or clarification, or deny the request pursuant to a claim of exemption. *See* <u>Belenski v. Jefferson Cnty.</u>, 186 Wn.2d 452, 456-57, 378 P.3d 176 (2016); <u>see also</u> RCW 42.56.520 & .550. The Court concludes, as a matter of law, that SPD appropriately responded to plaintiff's counsel's PRA request, by timely (within five days) acknowledging its receipt of the request,

---

[2] In light of this ruling, the Court need not and does not address Officer Schubeck's claim of qualified immunity.

ORDER - 6

providing reasonable estimates of and updates about the time needed to respond, and producing the materials sought within a reasonable time given the scope and nature of the request. Thus, with respect to plaintiff's PRA claim, the pending motion for summary judgment is GRANTED, and such claim is DISMISSED with prejudice.

**Conclusion**

For the foregoing reasons, the motion for summary judgment, docket no. 53, brought by the City of Seattle and Officer Schubeck is GRANTED, and plaintiff's claims against such defendants are DISMISSED with prejudice. The Court concludes that no just reason exists for delay, and DIRECTS the Clerk to enter final judgment in favor of the City of Seattle and Officer Schubeck, and against plaintiff, consistent with this Order. *See* Fed. R. Civ. P. 54(b). The Court DECLINES to exercise supplemental jurisdiction over the remaining state law claims against Moritz, *see* 28 U.S.C. § 1367(c)(3), and REMANDS the balance of this case to King County Superior Court, effective fourteen (14) days after entry of this Order. The Clerk is further DIRECTED to send a copy of this Order to all counsel of record and to CLOSE this case.

IT IS SO ORDERED.

Dated this 3rd day of November, 2017.

Thomas S. Zilly
United States District Judge